Dolores Cabrera García, Appellant, v. Registrar of Property of San Germán, Respondent.

No. 893. Submitted May 26, 1933.—Decided July 18, 1933.

*L. López de Victoria* for appellant.    The registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The Municipal Assembly of Yauco, by the unanimous vote of the nine members present at its meeting held on December 2, 1932, granted to Dolores Cabrera García the use of two lots belonging to the municipality. The grant was approved by the mayor five days later.

The ordinance reads in part as follows:

"Whereas, Dolores Cabrera García, of age, property owner, resident of Yauco, and married to Eurípides Rodríguez Díaz has requested the use and enjoyment in perpetuity of the following lots:

"Number 1: A lot situated in the Cuesta del Río Street of Yauco. It measures 10.55 meters on the north, bounded by a house of Pedro Piquer; 10.15 meters on the south, bounded by the Cuesta del Río Street; 6.85 meters on the east, bounded by a house of Dolores Cabrera García; and 6.6 meters on the west, bounded by a lot of Francisco Buencristiano. The lot herein is hexagonal in shape and has an area of 69.66 square meters, and its value, according to the schedule of rates of this municipality, is $27.86 (twenty-seven dollars and eighty-six cents)." (The other lot is similarly described.)

"WHEREAS, Said lots belong to this municipality and are segregations from a larger tract, which the Municipality of Yauco has recorded in its name in the Registry of Property of San Germán, at folio 152 of volume 23 of Yauco, property No. 1203, 1st. inscription, and which is devoted to the building of houses, it being described as follows:

"A parcel of land whose area is not determined, bounded on the north by lands of Juan Amil, Angel Pedro Agostini, and Domingo Gutiérrez; on the south by land of Antonio Mattei Lluveras; on the east by the Yauco River; and on the west by land of Antongiorgi Hermanos, Domingo Olivieri, and G. Bernat & Co.;

"WHEREAS, The petitioner owns the following buildings erected on the segregated lots:

"ON LOT NUMBER ONE: A one-story concrete house with a zinc roof, for residential purposes. It has a frontage of 7 meters and a depth of 8 meters.

"ON LOT NUMBER TWO: A two-story frame house with a zinc roof, for residential purposes. It has a frontage of 10 meters and a depth of 8 meters;

"WHEREAS, Said houses were acquired by the petitioner by inheritance from her father, Félix Cabrera, and the title thereto is not recorded;

"Now, THEREFORE, Be it enacted by the Municipal Assembly of Yauco, P. R.:

"Section 1.—The lots described in the first recital (*Por Cuanto*) of this ordinance are hereby segregated from the principal tract above described, and it is requested that they be recorded, as separate and distinct properties, in the Registry of Property of San Germán, in the name of this Municipality, with a value of $27.86 and $49.87, respectively.

"Section 2.—Dolores Cabrera García is hereby granted in perpetuity the use and enjoyment of the lots described in this ordinance.

"Section 3.—This grant is made under the following conditions:" (Here follow the terms of the grant.)

A certified copy of the above ordinance was accompanied by a certificate, issued by the mayor and director of public works of the municipality. With reference to the main property from which the lots were segregated, it says:

"That although the area of the property has not been determined, it contains one hundred and fifty acres (*cuerdas*) more or less, equivalent to 58 hectares, 95 ares, and 58 centiares.

"That from said property several lots have been segregated and their use and enjoyment granted to different persons.

"That notwithstanding the said segregations, there still remains sufficient area of the principal property from which to make new segregations, in addition to the ones already made."

Upon the foregoing documents being presented for record in the Registry of Property of San Germán, the registrar refused to record the same on the grounds set forth in an extensive decision which can be summarized as follows:

". . . The omission to state the area of the principal property from which the segregations were made; and the fact that one hundred and ninety-five segregations have been made from said property previously and up to this date."

Feeling aggrieved by that decision, Mrs. Cabrera took the present administrative appeal.

In the interest of the municipality, its grantees, and the community in general, the principal tract should be surveyed and a plat made indicating thereon the segregated lots. Then, as each parcel is conveyed, it should be marked on the plat, and thus there would be no cause for uncertainty or confusion. But the foregoing measures, which seem advisable as tending to greater clearness, are not required by law.

In *González* v. *Registrar of Property,* 17 P.R.R. 226, this court, speaking through Mr. Chief Justice Hernández, said:

" 'Every record made in the registry shall state the nature, location, and bounds of the realty . . . its superficial area . . . name and number, if they appear in the deed.' (Article 9, subdivision 1, of the Mortgage Law.)

" 'The superficial area shall be stated in the manner in which it appears in the instrument and with the denominations employed therein; but if said measurement does not appear in the instrument, this fact shall be stated in the record.' (Article 63, subdivision 4, of the Regulations.)

"In view of such definite legal provisions, it is clear that the failure to state the superficial area of the property, when it does not appear from the title, would not warrant the registrar in refusing to record the same, but the record mentioning the fact that the measurements are not given should be entered.

"The decisions of the General Directorate of Registries of Spain of May 17, 1880, and February 3, 1886, support the foregoing doctrine.

"In this case it can be determined without any great difficulty that the principal lot is sufficiently large to permit of the segregation which is the object of the record sought and denied."

And a similar situation arises in the instant case, where the registrar himself admits in his decision that "the lots granted by the municipality . . . to which the document presented refers under numbers 1 and 2 are situated in Cuesta del Río Street" and that "it appears from the record . . . that said street is within the tract of land whose area is not determined"; the mayor states that there still remains sufficient area to make new segregations; and from a certificate issued by the registrar himself it appears that in Cuesta del Río Street there is only one lot segregated and recorded in the name of Blas Peraza.

Under those circumstances, there was no justification for denying the record sought, and such denial must be reversed.